NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAL DEV,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>PATRICK R. DONAHOE, Postmaster<br>General of the United States,<br><br>            Defendant - Appellee. | No. 14-15431<br><br>D.C. No. 2:11-cv-02950-JAM-<br>EFB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 14, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Lal Dev appeals the district court's award of summary judgment in favor of

Patrick Donahoe, Postmaster General of the United States, in an action under Title

VII of the Civil Rights Act.  42 U.S.C. § 2000e-2(a)(1).  Dev, a carrier for the U.S.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Postal Service, alleges that Donahoe took several actions that adversely affected Dev's employment on account of Dev's race and gender. We have jurisdiction to review the district court's award of summary judgment under 28 U.S.C. § 1291, and we affirm.

Dev provided no basis for striking Donahoe's declaration and exhibit purporting to show that Donahoe served a response to Dev's 190 requests for admission (RFA) on May 4, 2012, within 30 days of service of the RFA. Fed. R. Civ. P. 36(a)(3). Because the RFA was only considered admitted on the condition that it was unopposed, the proof of service shows that the RFA was never granted, either explicitly or automatically. In the alternative, Donahoe moved for withdrawal of any deemed admission, and the district court did not err in granting that motion pursuant to Federal Rule of Civil Procedure 36(b). Deeming the RFA granted would undermine the "presentation of the merits of the action," and Dev failed to provide any showing that the "withdrawal or amendment w[ould] prejudice [him] in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

Dev's claims that the Postmaster discriminated against Dev by denying Dev's request for a "high option" on Route 8, declining to nullify the results of the 2010 National Count, delaying for seven months a response to Dev's request for

new mail labels and a new delivery-point sequence, and failing to assign Dev to a 204b temporary supervisor position were properly dismissed because Dev failed to establish a prima facie case of disparate treatment. In each instance, there was insufficient evidence that Dev was treated differently than "similarly situated" employees who were not a member of Dev's protected classes. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1031 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Even if Dev established a prima facie case of gender discrimination in the re-allocation of territory from the "consolidated" Routes 18 & 19, Dev failed to raise a triable question of fact on whether the Postmaster's stated reason for excluding Dev—that he did not apply for territory—was a "pretext for discrimination." *Lindahl v. Air France*, 930 F.2d 1434, 1437 (9th Cir. 1991).

Dev failed to maintain his hostile work environment claim in summary judgment proceedings before the Magistrate Judge, and the district court considered the issue waived. We also consider the issue waived. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir. 2002).

The Magistrate Judge did not err in denying Dev's motion to disqualify himself. A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings "[w]here he has a

personal bias or prejudice concerning a party." 28 U.S.C. § 455. Disqualification is required if a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005)). Here Dev asserts that impartiality can be questioned because of the Magistrate Judge's familiarity with the U.S. Attorney's Office from his time as an employee in that office. Dev also asserts that the Magistrate Judge's rulings against Dev demonstrate bias. The Magistrate Judge did not abuse his discretion in denying the motion to disqualify. *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 714 (9th Cir. 1990).

**AFFIRMED.**